# EXHIBIT 12

Case 3:23-mc-80324-LJC   Document 14-2   Filed 01/22/24   Page 1 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ATHALONZ, LLC, | § § § | |
| *Plaintiff*, | § | Case No. 2:23-cv-00193-JRG |
| v. | § § | **DEMAND FOR JURY TRIAL** |
| UNDER ARMOUR, INC., | § § § | |
| *Defendant.* | § | |

## DEFENDANT UNDER ARMOUR, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH DISCOVERY ORDER

# TABLE OF CONTENTS

| | | |
|---|---|---|
| **I.** | **Athalonz's Arbitrary Deadline for Completing Discovery Should be Denied** | 1 |
| **II.** | **The Motion is Moot as it Seeks to Compel Production of Documents that Under Armour has Already Produced** | 2 |
| **III.** | **Under Armour Has Agreed to Produce *Relevant* Sponsored Athlete Documents Relating to the Accused Features** | 3 |
| **IV.** | **The Sponsored Athlete Contracts are Irrelevant** | 4 |
| **V.** | **Athalonz is Not Entitled to Fees and Expenses** | 5 |
| **VI.** | **Conclusion** | 6 |

Athalonz's attempt to impose an arbitrary deadline at the start of discovery for the production of ***all*** relevant documents exposes its blatant disregard for the Local Rules and this District's discovery process. The deadline for substantially complete document production is over eight months away, and fact discovery doesn't close for another ten months. Yet, Athalonz burdens this Court with an unnecessary and unsupported motion to produce documents that Under Armor has already agreed to produce. In fact, the majority of the requests are now moot, as Under Armor has produced the requested documents, as promised.

The only categories of documents still at issue are Under Armour's sponsored athletes' documents unrelated to the issues in the case—requests for which Athalonz provides no legal support. Athalonz also raises disputes that the parties never previously discussed, a clear violation of L.R. CV-7(h). For these reasons, and those below, the Court should deny Athalonz's motion.

## I. Athalonz's Arbitrary Deadline for Completing Discovery Should be Denied

Athalonz's suggestion that Under Armour was obligated to complete its document production on October 19, 2023, is baseless and unreasonable. No court in this District has interpreted the Paragraph 3(b) "Additional Disclosures" date as a deadline to ***complete*** document production, and unsurprisingly Athalonz cites no authority in support. Indeed, this Court previously held it was "unreasonable to expect [a defendant] to produce all relevant documents" by this date. *See Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2019 U.S. Dist. LEXIS 227278, at *5-6 (E.D. Tex. Nov. 13, 2019); *see also Soverain Software LLC v. Oracle Corp.*, No. 6:12-cv-00141-LED, Dkt. 66 at 7 (E.D. Tex. Oct. 30, 2012) (Additional Disclosures date is when

1

the parties "shall begin" a "rolling document production to be substantially completed" later).[1]

Athalonz's suggested interpretation would also leave other of this Court's Rules and dates superfluous, including the November 30, 2023 P.R. 3-4 technical document production and the August 7, 2024 Deadline to Substantially Complete Document Production. Dkt. 35 at 2. Thus, Athalonz's requests to compel the production of any or all documents "immediately," or "by a date certain," should be denied.

## II. The Motion is Moot as it Seeks to Compel Production of Documents that Under Armour has Already Produced

As a threshold matter, Athalonz failed to raise several of the document categories during the meet and confer process, as required by L.R. CV-7(h).[2] The motion to compel the production of these documents should be denied for that reason alone. More importantly, as Athalonz itself admits, much of what the Motion seeks to compel are documents that Under Armour has already agreed to produce, to the full extent Athalonz requested. These categories of documents include:

- U.S. sales and profit information for each Accused Product;
- Documents sufficient to identify any code name, internal name, project name, marketing name, or version number associated with the Accused Products;
- Documents sufficient to identify the date the Accused Products were first sold in the United States, and the date they were discontinued, if applicable;
- Internal specifications, business or marketing plans, promotional materials, development or testing documents for the Accused Products; and
- Documents related to Athalonz, its products, or its patents.

As promised, Under Armour has since produced documents for each of these categories, to the extent they were located after a reasonable and diligent search. Under Armour also produced

---

[1] *Weatherford* (Motion at 5) is inapposite, as the motion to compel was filed nearly a month ***after*** the deadline to substantially complete document production, and the Defendant had not initiated any document searches prior to the motion. *See Weatherford*, 2018 WL 4620634, at *1.

[2] Aside from sales and profit data, none of the categories of documents discussed in this Section were raised by Athalonz during the meet and confer prior to the filing of its Motion.

2

relevant technical documents on November 30th, pursuant to P.R. 3-4(a). The Motion is therefore moot to the extent it seeks to compel the production of any of these categories of documents.

### III. Under Armour Has Agreed to Produce *Relevant* Sponsored Athlete Documents Relating to the Accused Features

Consistent with its position in discovery correspondence, Under Armour has agreed to produce—and has produced—documents related to sponsored athletes' involvement in the design, development, or testing of the accused features of the Accused Products, *i.e.* the shape and materials of the shoe sole.[3] Athalonz's request for ***all*** documents relating to sponsored athletes' involvement with the Accused Products—regardless of their relation to the accused features—is overly broad, unduly burdensome, and not proportional to the needs of the case, and should be denied. Courts routinely deny motions to compel in patent cases where the requested information is overly broad, going beyond the accused features. *See Collision Commc'ns, Inc. v. Nokia Sols. And Networks*, No. 2:21-cv-00308-JRG, Dkt. 96 at 3-4 (E.D. Tex. Aug. 10, 2022) (denying motion to compel for "fail[ure] to demonstrate how the requested documents—which Collision admits are unrelated to the accused features—are probative"); *SEVEN Networks, LLC v. Google LLC,* No. 2:17-cv-00442-JRG, Dkt. 210 at 2 (E.D. Tex. June 29, 2018) (denying motion to compel where the requests were "not limited to the accused functionalities"); *Ceiva Logic, Inc. v. Amazon.com, Inc.*, No. 2:19-cv-09129, 2021 U.S. Dist. LEXIS 145299, at *18 (C.D. Cal. June 16, 2021) ("Plaintiff's identification of Accused Products is so broad that to permit discovery regarding every

---

[3] Athalonz suggestion that the "accused features" should not be limited to the accused shoe's sole design (Motion at 6) is unsupported. The Asserted Patents repeatedly and consistently refer to the sole design and sole materials as the allegedly inventive features. *See, e.g.* the description of the invention as "the insole section and/or the sole section of a shoe [that] has an athletic positioning shape," '456 Patent, 9:9-30; Complaint, Dkt. 1 at ¶¶ 15-16, (describing its "patented technology" as the "three-dimensional sloped shape and compressibility" of the shoe sole).

3

aspect of such products—including aspects of the products that have nothing to do with Plaintiff's allegations of infringement—would not be proportional to the needs of the case.").

Despite Under Armour providing the *Collision* and *SEVEN* cases to Athalonz prior to Athalonz filing its Motion (Ex. A), Athalonz failed to address this precedent during the meet and confer process or even in its Motion. This shows Athalonz's clear intent to file its Motion to Compel regardless of the merits, or the outcome of the meet and confer.

Notwithstanding, Under Armour also previously agreed to produce all technical drawings, internal specifications, business plans, marketing plans, promotional materials, development documents and testing documents for the Accused Products—a scope that exceeds the discovery requirements in this District. Ex. A. By nature, these agreed categories include any sponsored athlete's involvement in said design, development, testing, marketing, advertising or promotion. Ex. B. As a result, the relief Athalonz seeks with respect to these documents is also moot.

### IV. The Sponsored Athlete Contracts are Irrelevant

The Motion should also be denied as to the requested sponsored athlete contracts, as Athalonz has not met its burden to show that such documents are relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). The Motion fails to provide any tenable basis supporting the claim that Under Armour's contracts with, and payments to, sponsored athletes are somehow relevant to the value of the Asserted Patents, and cites no cases in support. All arguments that Athalonz makes regarding the supposed relevance of these contacts are entirely speculative and unsupported.[4] This request is nothing more than an improper fishing expedition in an attempt to

---

[4] Athalonz suggests these contracts "*may* [] include information relating to the sponsored athletes' role in the design and development of the Accused Products," despite Under Armour providing evidence that these athletes are not involved in design or development (*see* Dkt. 30 at 3; No. 3:23-mc-80324, Dkt. 1-2, ¶¶ 3-4, Dkt. 1-3, ¶¶4-6); and "Athalonz *expects* that the

4

wrongly inflate Athalonz's damage demand that should be denied. *See Nava v. Allstate Tex. Lloyds*, No. 1:20-CV-415, 2021 U.S. Dist. LEXIS 256037, at *21 (E.D. Tex. July 14, 2021) (denying request for third-party compensation agreements as "an impermissible fishing expedition" where the agreements were "too far attenuated from the issues [] to be relevant to plaintiff's claim."); *Under Armour, Inc. v. Battle Fashions, Inc*., No. 18-mc-80117-LB, 2018 U.S. Dist. LEXIS 130983 (N.D. Cal. Aug. 3, 2018) (granting motion to quash subpoena to produce, *inter alia*, contracts between Under Armour and its sponsored athlete Stephen Curry, holding that despite "Mr. Curry [being] personally involved in marketing and promoting Under Armour products and ha[ving] a contract with Under Armour to do so … [the trademark infringement] litigation is not about marketing or promotion of Under Armour products generally.").

Under Armour requested on numerous occasions that Athalonz provide any authority supporting the relevancy of this request such that Under Armour could consider it. Exs. A-C. Athalonz failed to provide it at each turn, and fails to do so again here.[5] This request should therefore be denied.

## V. Athalonz is Not Entitled to Fees and Expenses

Under no circumstances is Athalonz entitled to its fees and expenses in bringing this unnecessary and unsupported motion. While Rule 37(a)(5)(A) permits such fee and expense awards when a motion is granted, "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified;

---

contracts will be used to rebut arguments from UA that the Accused Products are only successful because they are sponsored by the athletes," despite having no knowledge of their contents.
[5] *EVS Codec* (Motion at 6) is inapposite as it relates only to whether a party was obligated to produce worldwide sales information—an issue entirely unrelated to sponsored athlete contracts.

5

or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). Substantial justification exists where, as here, "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Van Dyke v. Retzlaff*, No. 4:18-CV-247, 2020 WL 1866075, at *3 (E.D. Tex. Apr. 14, 2020) (denying fees where a genuine dispute existed concerning the responding party's objections to the discovery requests).

The circumstances surrounding Athalonz' motion confirm that an award of expenses is wholly inappropriate. Athalonz filed this Motion in the early stages of discovery, predominantly seeking documents that Under Armour had agreed to produce, and has since produced, making these requests moot. *See Acorn Semi, LLC v. Samsung Elecs. Co., Ltd*., No. 2:19-cv-347-JRG, Dkt. 53 at 1-2 (E.D. Tex. June 24, 2020) (denying fees where requests sought in the motion to compel were moot). Under Armour has continued to work with Athalonz to resolve the parties' discovery disputes since the case began, and Athalonz's decision to burden the Court with a motion to compel the production of documents **ten months** in advance of the close of fact discovery falls far short of the circumstances that justify an award of fees and expenses.

For the one category of discovery where Under Armour has not agreed to produce certain requested documents, its position has been substantially justified. Fed. R. Civ. P. 37(a)(5)(A)(ii). As discussed above, Under Armour raised relevance to the request for sponsored athlete contracts and invited Athalonz to provide any precedent that may counter its position. Similarly, with respect to the sponsored athletes' involvement with **non-accused features** of the accused products, ample authority supports Under Armour's position that such requests are not relevant.

**VI.    Conclusion**

For the reasons stated above, Under Armour respectfully requests that the Court deny Athalonz's Motion to Compel in its entirety.

6

Dated: December 13, 2023  Respectfully submitted,

*/s/ J. Thad Heartfield*_____
J. Thad Heartfield
THE HEARTFIELD LAW FIRM
2195 Dowlen Rd
Beaumont, Texas 77706
409.866.3318
thad@heartfieldlawfirm.com

Frank C. Cimino, Jr.
Megan S. Woodworth
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC  20001
202.344.4569
202.344.8300 – Facsimile
fccimino@Venable.com
mswoodworth@Venable.com

Robert E. Bugg
VENABLE LLP
Rockefeller Center
151 West 42nd Street, 49th Floor
New York, NY  10036
212.370.6241
212.307.5598 – Facsimile
rebugg@Venable.com

*ATTORNEYS FOR DEFENDANT UNDER ARMOUR, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on December 13, 2023, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ J. Thad Heartfield*_____
J. Thad Heartfield