**EXHIBIT 2**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| SEVEN NETWORKS, LLC, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:17-CV-00442-JRG |
| v. | § § | |
| GOOGLE LLC, | § § § | |
| *Defendant*. | § | |

### ORDER DENYING SEVEN'S MOTION TO COMPEL (Dkt. No. 159)

Before the Court is Seven Networks, LLC's ("SEVEN") Motion to Compel. (Dkt. No. 159). Prior to argument, the Parties informed the Court that "the Parties were able to resolve many of their disputes," leaving only Request For Production ("RFP") Nos. 172-176 for resolution by the Court. (Dkt. No. 190 at 1). The Court heard argument as to those remaining requests on June 1, 2018, (Dkt. No. 186). Following the hearing, the Parties filed a Joint Report indicating that SEVEN further narrowed the remaining disputes to only RFP Nos. 174-76. (Dkt. No. 190 at 1). Having considered the briefing and argument, the Court finds as follows:

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Discovery Order in this case requires the Parties to "produce or permit the

inspection of all documents . . . that are relevant to the pleaded claims or defenses involved in this action," "[w]ithout awaiting a discovery request." *See* Dkt. No. 106 ¶ 3(b).

### A. RFP 174 and RFP 175

These RFPs relate to "all advertising revenue Google collects from advertisements targeted to users of the Accused Products" and "all revenue Google collects from user data collected from the Accused Products," respectively. The Court is of the opinion that these requests are *not* limited to the accused functionalities but cover all revenue associated with *any user* of the accused mobile devices. Accordingly, the Court hereby **DENIES** the Motion to Compel as to that information. The Court notes that Google indicated a willingness to "produce a subset of the requested information to resolve these requests" including "documents sufficient to show revenue associated with displaying advertisements in Google play" and "documents sufficient to show revenue associated with displaying advertisements on Android (to the extent such revenue can be reasonably identified and to the extent such revenue can be broken down by device type)." (Dkt. No. 190 at 10–11). Such production is both relevant and not overly broad. Accordingly, it is **ORDERED** that Google produce such information, *instanter*.

### B. RFP 176

This RFP relates to "the value (incremental or otherwise) to Google of each new user of the Accused Mobile Products." This RFP seeks information on "new users," an undefined term, who engage with any Google service across, apparently, any device. Accordingly, the Court is of the opinion that this information on the value of new users is overly broad and may not necessarily be relevant to the pleaded claims in this case. Accordingly, the Court hereby **DENIES** the Motion to Compel as to such information. The Court notes that Google indicated a willingness to "produce advertising revenue for Google Play and all of Android." (Dkt. No. 190 at 12). Such production

is both relevant and not overly broad.  Accordingly, it is **ORDERED** that such information be produced by Google, *instanter*.

**So ORDERED and SIGNED this 29th day of June, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE