# EXHIBIT B

1  WENDY E. MILLER, ESQ.
   California Bar No. 181654
2  Law Office of Wendy E. Miller
3  10364 Almayo Ave. #106
   Los Angeles, CA 90064
4  *wemesq@gmail.com*
   (949) 400-8913
5  (310) 943-1972 Fax
6
   HAROLD P. GEWERTER, ESQ.
7  *Admitted Pro Hac Vice*
   Nevada Bar No. 499
8  Harold P. Gewerter, Esq., Ltd.
9  5440 West Sahara Ave., Suite 105
   Las Vegas, NV 89146
10 (702)382-1714
11 (702) 382-1759 (fax)
   *harold@gewerterlaw.com*
12 Attorneys for Moving Parties Harold P. Gewerter and
   Harold P. Gewerter, Esq., Ltd.
13

14

# UNITED STATES DISTRICT COURT

15

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

16

| | |
|---|---|
| 17  SECURITIES AND EXCHANGE COMMISSION, | ) Case No.: 3:11-mc-80214-JSW(EDL) ) |
| 18        Plaintiff, | ) ) |
| 19  vs. | ) MOTION FOR RELIEF FROM ) NONDISPOSTIVE ORDER OF |
| 20  CMKM DIAMONDS, INC., URBAN CASAVANT, JOHN EDWARDS, | ) MAGISTRATE JUDGE BY MOVING ) NON-PARTIES HAROLD P. GEWERTER |
| 21  GINGER GUTIERREZ, JAMES KINNEY, ANTHONY TOMASSO, | ) AND HAROLD P. GEWERTER, ESQ., ) LTD. |
| 22  KATHLEEN TOMASSO, 1ST GLOBAL STOCK TRANSFER LLC, | ) ) |
| 23  HELEN BAGLEY, NEVWEST SECURITIES CORPORATION, | ) ) |
| 24  DARYL ANDERSON, SERGEY RUMYANTSEV, ANTHONY | ) ) |
| 25  SANTOS, and BRIAN DVORAK, | ) |
| 26        Defendants. | ) ) |
| 27 | |
| 28 | |

1

MOVING NON-PARTIES' MOTION FOR RELIEF FROM
MAGISTRATE'S ORDER ON MOTION TO QUASH SUBPOENA
Case No.: 3:11-mc-80214 JSW(EDL)

1

2　　　　COME NOW, Moving Non-Parties HAROLD P. GEWERTER and HAROLD P.
3 GEWERTER, ESQ., LTD., (collectively, "Moving Non-Parties") pursuant to FRCP Rule 72(a),
4 Move for Relief from the Magistrate's order entered October 26, 2011 denying Moving Non-
5 Parties' motion to quash the subpoena issued by the above captioned court, commanding Bank of
6 the West to produce records regarding Moving Non-Parties' attorney-client trust account to
7 Plaintiff Securities and Exchange Commission.

8　　　　Moving Non-Parties move for relief from the Magistrate's order on the grounds that the
9 Court, upon finding that Moving Non-Parties and their clients enjoy a protected privacy interest
10 in the trust account records, was required to quash the subpoena pursuant to FRCP Rule
11 45(c)(3)(iii).  This Motion is made and based on the pleadings and papers on file herein, the
12 Memorandum of Points and Authorities, below, the Declaration of Harold P. Gewerter and
13 exhibits attached thereto, as well as any evidence and argument as may be entertained by the
14 Court.

15 Dated October 31, 2011　　　　　　　　/s/ Wendy E. Miller

16

17　　　　　　　　　　　　　　　　　　　　Wendy E. Miller
　　　　　　　　　　　　　　　　　　　　　Attorney for Moving Non-Parties Harold P.
18　　　　　　　　　　　　　　　　　　　　Gewerter and Harold P. Gewerter, Esq., Ltd.

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

Moving Non-Parties Harold P. Gewerter and Harold P. Gewerter, Esq., Ltd., moved to quash a subpoena issued out of this Court by Plaintiff Securities and Exchange Commission ("SEC") seeking records from Moving Non-Parties' attorney trust account in Las Vegas, Nevada. The information sought by the subpoena seeks information regarding moving non-parties and their clients who are strangers to this litigation, which information is constitutionally protected as well as constituting attorney-client privileged communications.

This matter was referred to Magistrate Judge Elizabeth D. Laporte. At the hearing of the motion on October 18, 2011, Judge Laporte found that there was a constitutionally-protected privacy interest, but denied the motion to quash. Instead, Judge Laporte signed a protective order attempting to limit Plaintiff's use of the records to its collection efforts in the above-captioned matter. For the reasons set forth below, Moving Non-Parties object to the Magistrate's Order on the grounds that the Magistrate should have quashed the subpoena upon finding that the information sought was not relevant to this litigation and was protected by the attorneys' and clients' constitutionally-protected right of privacy.

II. FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Plaintiff, Securities and Exchange Commission successfully revoked the registration of each class of securities of Defendant CMKM Diamonds, Inc. Three years later, it filed the above-captioned action seeking injunctive and monetary relief against the defendants, obtaining a judgment against Defendant John Edwards in 2009. Judgments have now been entered against all of the defendants.

Plaintiff has obtained a $55 million default judgment against Defendant John Edwards, none of which has been collected to date, apparently. None of the thirty-five entities through which Mr. Edwards allegedly did business has been added as a judgment debtor. See Declaration of Harold P. Gewerter, ("Dec. Gewerter"), at Paragraph (¶) 6. Likewise, Eton Properties Corp., the

3

1  company that Moving Non-Party Harold P. Gewerter was retained to represent (which company
2  is alleged in a 2007 lawsuit to be the alter ego of John Edwards) has not been added as a
3  judgment debtor, nor has there been any levy on its assets. *Id.*

4  Harold Gewerter has already given Plaintiff all of the non-privileged records as well as an
5  accounting for the fees paid by John Edwards, including records of property transactions by Mr.
6  Edwards and Eton Properties Corp. Dec. Gewerter, ¶ 2. Yet, incredibly, Plaintiff still seeks *all* of
7  the attorney trust account records of Moving Non-Parties, for the ostensible purpose of
8  identifying other John Edwards entities. According to Plaintiff, it would be too difficult to limit
9  the records to the entities of which it is already aware. Plaintiff claims to have no available list
10 of Edwards entities (two years after getting a judgment against Edwards); for this reason,
11 Plaintiff needs to invade the financial privacy of Moving Non-Parties and *all* of their clients!

12 Moving Non-Parties' current and former clients include parties involved in administrative
13 proceedings with the SEC, as well as individuals who are public figures and government
14 officials. Dec. Gewerter, ¶7.

15 Taking the foregoing into account, it becomes clear why the Plaintiff did not subpoena
16 records for a *Nevada* bank account out of the *Nevada* court where the lawsuit is pending—
17 because the judge overseeing the litigation would have immediately identified the improper
18 purpose of the subpoena. That is, the Plaintiff has no need for the records of unrelated parties.
19 Nor does Plaintiff have need for records of related parties, because Plaintiff has done nothing so
20 far to collect on its judgment!

21 As argued below, the cases that speak of a balancing test between a person's constitutional
22 right to privacy and a party's right to discover relevant information do not refer to violating a
23 person's constitutional right of privacy for the sake of expediency. If information is irrelevant
24 and private, the Plaintiff has no right to obtain it. Ever.

25 III. <u>PURSUANT TO FRCP RULE 45(c)(3), THE COURT MUST QUASH OR MODIFY
26 A SUBPOENA WHERE, AS HERE, IT REQUIRES DISCLOSURE OF PRIVILEGED OR
27 OTHER PROTECTED MATTER OR SUBJECTS A PERSON TO UNDUE BURDEN</u>.
28

1   When a subpoena seeks the production of an individual's personal financial information, the
2   court must balance the relevance of the information sought against the intrusion into the affected
3   individual's privacy interests. *In re Glitnir banki hf*, 2011 Bankr. LEXIS 3296, 17-19 (Bankr.
4   S.D.N.Y. Aug. 19, 2011). Here, neither Moving Non-Parties' bank records, nor those of the vast
5   majority of their clients, are relevant for any purpose whatsoever. Plaintiff has attempted to skirt
6   this issue by first arguing, unsuccessfully, that Moving Non-Parties lack standing to raise an
7   objection based on relevance, even if this renders the subpoena illegal. Secondly Plaintiff argued
8   at the hearing on the motion to quash that it would be prohibitive to limit the subpoena to Mr.
9   Edwards' known associated entities because "it would be a huge undertaking and require going
10  through seven years' worth of records and [counsel's] own memory." *See* Transcript of Hearing
11  on Motion to Quash, attached as Exhibit "A" to the Declaration of Harold Gewerter, at Page 8,
12  Lines 5-7.
13       This supposed difficulty, however, does not make the records relevant. What's worse,
14  Plaintiff will not be able to determine from the face of the documents whether they relate to John
15  Edwards or not. This fact weighs heavily in favor of granting the motion to quash—Plaintiff
16  must not be allowed to invade the privacy of third parties in order to determine whether they are
17  somehow related to John Edwards, simply because Harold Gewerter is their attorney. Plaintiff's
18  bare allegation that it does now know which information is relevant does not somehow make
19  *everything* in the account relevant! Why not subpoena the bank records of every attorney who
20  has represented CMKM Diamonds, Urban Casavant, or John Edwards? Why not subpoena the
21  bank records of every attorney in Las Vegas to see if John Edwards ever hired them? Why not
22  subpoena the bank records of every business that was in the same building as NevWest
23  Securities?
24       More importantly, Plaintiff has not demonstrated any need for the information. If
25  Plaintiff were genuinely interested in collecting money and making the defrauded shareholders
26  whole, it should not have waited four years after de-registering the CMKM stock to get a
27  judgment. It should have sued the broker-dealers who sold two thirds of the CMKM stock.
28  Plaintiff is able to examine real property records, which are publicly available, to locate real

5

estate holdings of John Edwards.  Although John Edwards hired Harold Gewerter to provide services for real estate issues, the public real estate records are a much better source of information than Mr. Gewerter's trust account (or even attorney records) will ever be.

Thus, even under a balancing test, the lack of relevancy of the records, and the lack of any demonstrated need for the records are far outweighed by the privacy interests of Moving Non-Parties and their current and former clients.

Pursuant to FRCP Rule 72, a District Judge upholds a Magistrate Judge's ruling on a referred matter unless it is "contrary to law." See Rule 72(a), Federal Rules of Civil Procedure; 28 U.S.C. § 636(b)(1)(A).  The "contrary to law" standard allows independent, plenary review of purely legal determinations by the Magistrate Judge. *FDIC v. Fidelity & Deposit Co. of Md.,* 196 F.R.D. 375, 378 (S.D.Cal.2000);  *Haines v. Liggett Group, Inc*., 975 F.2d 81, 91 (3rd Cir.1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163 (E.D.N.Y.2006).

In the instant matter, the Magistrate Judge erred when she did not quash the subpoena in its entirety, or at least limit the subpoena to records referring to John Edwards or the 35 entities associated with John Edwards.  The records of Moving Non-Parties, as well as the records of their clients who are not John Edwards, are irrelevant for all purposes.  It is clear that the protective order that the Court fashioned will not protect innocent third parties, especially when the Plaintiff submitted a proposed order ignoring the Court's ruling that the records' use be limited to collection efforts only,  and that the records only be viewed by three people.  In fact, the proposed order, attached as Exhibit "B" to the Declaration of Harold Gewerter, even contained a provision stating, "Nothing in this Order shall be construed to prevent the Commission  from complying with any other legal obligation regarding the Documents."  If this does not belie the Government's intention to engage on a fishing expedition, what would? Moreover, there is nothing limiting what steps Plaintiff can take with regard to transactions where the client involved is not identified.  There is simply too much room for abuse, and too much evidence that the innocent parties' privacy rights will be impermissibly invaded.

1    Finally, the subpoena is invalid on its face. Pursuant to FRCP Rule 45(a)(2)(C), a
2 subpoena for production or inspection, if separate from a subpoena commanding a person's
3 attendance, must be issued from the court for the district where the production or inspection is to
4 be made. The subpoena calls for the production of documents in Los Angeles, California, which
5 is in the Southern District of California, not the Northern District.

6   IV.  CONCLUSION

7    Plaintiff has subpoenaed the irrelevant, private, confidential, and privileged financial
8 information of Moving Non-Parties and their clients for the stated purpose of satisfying a money
9 judgment against a Defendant in this litigation. The privacy rights of Moving Parties and their
10 clients far outweigh any supposed need for the information, especially given the lack of
11 relevance of the subpoenaed information. Upon finding that Moving Non-Parties and their
12 clients enjoy a protected privacy interest, the Magistrate Judge should have quashed the
13 subpoena, or at least limited the subpoena to parties known by Plaintiff to be related to
14 Defendant John Edwards. The failure to do so was contrary to law.

15 Dated October 31, 2011                /s/ Wendy E. Miller

17                          _____
                            Wendy E. Miller
18                          Attorney for Moving Non-Parties Harold P.
                            Gewerter and Harold P. Gewerter, Esq., Ltd.

**EXHIBIT "1"**

JOHN M. McCOY III, Cal. Bar No. 166244
E-mail: mccoyj@sec.gov
LESLIE A. HAKALA, Cal. Bar No. 199414
E-mail: hakalal@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3394

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>CMKM DIAMONDS, INC., URBAN CASAVANT, JOHN EDWARDS, GINGER GUTIERREZ, JAMES KINNEY, ANTHONY TOMASSO, KATHLEEN TOMASSO, 1ST GLOBAL STOCK TRANSFER LLC, HELEN BAGLEY, NEVWEST SECURITIES CORPORATION, DARYL ANDERSON, SERGEY RUMYANTSEV, ANTHONY SANTOS, and BRIAN DVORAK,<br><br>Defendants. | Case No. 11-mc-80214 JSW (EDL)<br><br>[PROPOSED] ORDER REGARDING MOTION TO QUASH THE SUBPOENA *DUCES TECUM* TO BANK OF THE WEST |

On January 12, 2010, the United States District Court for the Northern District of California issued a document subpoena to Bank of the West (the "Subpoena") for records related to a bank account ending in 3342, which is a client trust account used by non-parties Harold P. Gewerter and Harold P. Gewerter, Esq. Ltd. (collectively, "Gewerter"). Gewerter has moved to quash the Subpoena, and the Securities and Exchange Commission (the "Commission") opposes to motion.

Having considered the parties' written and oral arguments, the Court GRANTS IN PART and DENIES IN PART the motion to quash the subpoena. Specifically, all documents produced by Bank of the West in response to the Subpoena (the "Documents") shall be delivered to the Commission subject to following conditions:

1. The Commission shall use the Documents only in connection with its ~~litigation or~~ post-judgment collection efforts in *SEC v. CMKM Diamonds, et al.* (Case Number 08-cv-437), an action originally filed in the United States District Court for the District of Nevada.

2. The Commission shall not use the Documents in connection with any Commission investigation or enforcement action that is unrelated to *SEC v. CMKM Diamonds*.

3. Only ~~Commission staff~~ [Leslie Hakala, Molly White, and one Commission paralegal] assigned to work on matters related to *SEC v. CMKM Diamonds* shall have access to the Documents. The Commission will take all reasonable efforts to ensure that Commission staff not assigned to matters related to *SEC v. CMKM Diamonds* do not have access to the Documents.

4. Nothing in this Order shall be construed to apply to any documents or materials possessed or obtained by the Commission by any means other than pursuant to the Subpoena issued to Bank of the West on January 12, 2010, whether
~~[PROPOSED]~~ ORDER   Case No. 11-mc-80214 JSW (EDL)

or not such documents are also included among the Documents that Bank of the West produces in response to the Subpoena.

~~5. Nothing in this Order shall be construed to prevent the Commission from complying with any other legal obligation regarding the Documents.~~

It is SO ORDERED.

Dated: October 26, 2011

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
MAGISTRATE JUDGE OF THE
UNITED STATES DISTRICT
COURT

[PROPOSED] ORDER   Case No. 11-mc-80214 JSW (EDL)