| | |
|---|---|
| 1 | Jennifer Estremera (CA Bar No. 251076) |
| 2 | jestremera@reichmanjorgensen.com |
|   | REICHMAN JORGENSEN LEHMAN & |
| 3 | FELDBERG LLP |
|   | 100 Marine Parkway, Suite 300 |
| 4 | Redwood Shores, California 94065 |
|   | Telephone: (650) 623-1401 |
| 5 | Facsimile: (650) 623-1449 |

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Connor S. Houghton (*pro hac vice*)
choughton@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7311
Facsimile: (650) 623-1449

Attorneys for Plaintiff
*Athalonz, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ATHALONZ, LLC, | Case No. 3:23-mc-80324-LJC |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE** |
| UNDER ARMOUR, INC., | |
| Defendant. | |
| | Location: Courtroom 10, San Francisco |
| | Judge: Aracelia Martínez-Olguín |

## I. INTRODUCTION

Plaintiff Athalonz, LLC ("Athalonz") respectfully files this Motion for Leave to File a Supplemental Brief in Support of Motion for De Novo Review of Dispositive Matter Referred to Magistrate Judge (Dkt. 24). Athalonz files this motion pursuant to Local Civil Rule 7-3(d) and Local Civil Rule 7-11. As set forth below, Athalonz seeks leave to file the short Supplemental Brief attached as Exhibit 1 to address new evidence that is highly relevant to Mr. Curry's motion to quash and was just recently produced by Defendant Under Armour, Inc. ("UA") in the underlying litigation.

## II. BACKGROUND

On April 1, 2024, Defendant Under Armour, Inc. ("UA") produced new documents in the underlying litigation that are directly relevant to Mr. Curry's Motion to Quash, filed in this Court as Case No. 3:23-mc-80324. That supplemental evidence is attached as Exhibits D – J to the proposed supplemental brief.

Athalonz has sought documents relating to Mr. Curry's role in designing and developing the Accused Products since the beginning of the litigation. Dkt. 11 at 5 (citing Dkt. 1-1, Ex. 5 and Dkt. 12, Ex. K). However, at the time of the motion to quash, UA had not produced any internal documents relating to Mr. Curry's role, forcing Athalonz to rely only on public information in its opposition to Mr. Curry's motion to quash. Recently, though—and only after Judge Cisneros granted Mr. Curry's motion to quash without prejudice and the briefing on Athalonz's objection to that order was complete—UA produced for the first time highly relevant documents directly related to Mr. Curry's role in developing the Accused Products. These documents undermine one of the key findings underlying Judge Cisneros' order—that Athalonz had not shown that Mr. Curry was involved in designing and developing the accused features of the Accused Curry Products—and show that Mr. Curry was in fact deeply involved. Athalonz seeks leave to discuss this newly available evidence in the proposed supplemental brief.

## III. ARGUMENT

Local Civil Rule 7-3(d) requires prior Court approval to file additional papers in support of a fully briefed motion. Courts permit parties to file supplemental material after the close of briefing on a showing of good cause. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3882448, at

*9 (N.D. Cal. June 23, 2015). Good cause exists where the supplement addresses evidence that was produced after a motion was filed. *Id.* (permitting supplemental briefing on summary judgment based on newly produced evidence); *see also FTC - Forward Threat Control, LLC v. Dominion Harbor Enterprises, LLC*, 2020 WL 5545156, at *4 (N.D. Cal. Sept. 16, 2020) (granting administrative motion for leave to file supplemental evidence produced in discovery after briefing on the underlying motion was completed); *Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, at *2 (N.D. Cal. Apr. 22, 2013) (granting defendants leave to file additional evidence when plaintiffs produced relevant evidence after briefing was complete).

Here, good cause exists to grant Athalonz leave to file a supplemental brief addressing newly produced evidence. Athalonz's motion for de novo review was filed on February 27, 2024, and its reply was filed on March 18, 2024, but UA did not produce the evidence at issue here until April 1, 2024. Athalonz therefore had no way to address any of that evidence in its motion or reply. *See FTC - Forward Threat Control*, 2020 WL 5545156, at *4; *Music Grp.*, 2015 WL 3882448, at *9. Further, Athalonz had been requesting the documents at issue since October 2023, and UA delayed in producing those documents until April 2024. It would be unfair to prevent Athalonz from addressing evidence highly relevant to the motion that should have been produced months ago. And finally, Athalonz's supplemental brief is only seven pages in length, and largely consists of substantial quotations from UA's internal documents that were just produced. Because Athalonz's opening brief was only 11 pages, Dkt. 24, the combined opening and supplemental brief still results in a total number of pages well below the Court's 25-page limit.

Athalonz was also diligent in seeking leave to file its supplemental brief. Athalonz promptly reviewed and analyzed the new documents produced by UA in the underlying litigation, requested UA's consent to file those documents under seal and to file this motion, and then filed this motion all in less than two weeks from the date of production.

### IV.     CONCLUSION

For these reasons, Athalonz respectfully requests that the Court grant its motion for leave to file the supplemental brief attached as Exhibit 1.

Dated: April 16, 2024

Respectfully submitted,

REICHMAN JORGENSEN LEHMAN & FELDBERG, LLP

By  /s/ Jennifer Estremera

Attorneys for Plaintiff
ATHALONZ, LLC