# EXHIBIT 1

Jennifer Estremera (CA Bar No. 251076)
jestremera@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Connor S. Houghton (*pro hac vice*)
choughton@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7311
Facsimile: (650) 623-1449

Attorneys for Plaintiff
*Athalonz, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ATHALONZ, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>UNDER ARMOUR, INC.,<br><br>    Defendant. | Case No. 3:23-mc-80324-LJC<br><br>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE**<br><br>████████████<br><br>Location: Courtroom 10, San Francisco<br>Judge: Aracelia Martínez-Olguín |

Plaintiff Athalonz, LLC ("Athalonz") submits this Supplemental Brief in connection with its Motion for De Novo Review of Dispositive Matter Referred to Magistrate Judge (Dkt. 24). On April 1, 2024, Defendant Under Armour, Inc. ("UA") produced new documents in the underlying litigation that are directly relevant to Mr. Curry's Motion to Quash, filed in this Court as Case No. 3:23-mc-80324. Athalonz is attaching Exhibits D – J as supplemental evidence with this Supplemental Brief. These documents make clear that the key factual basis of Judge Cisneros' order—that Athalonz had not shown that Mr. Curry was involved in designing and developing the accused features[1] of the Accused Curry Products—no longer holds and that Mr. Curry was in fact deeply involved.

As set forth in Athalonz's original opposition to Mr. Curry's motion, Athalonz has sought documents relating to Mr. Curry's role in designing and developing the Accused Products from UA since the beginning of the litigation. Dkt. 11 at 5 (citing Dkt. 1-1, Ex. 5 and Dkt. 12, Ex. K). However, at the time of the motion to quash, UA had not produced any internal documents relating to Mr. Curry's role, forcing Athalonz to rely only on public information in its opposition to Mr. Curry's motion to quash. Recently, though—and only after Judge Cisneros granted Mr. Curry's motion to quash without prejudice and the briefing on Athalonz's objection to that order was complete—UA produced for the first time highly relevant documents directly related to Mr. Curry's role in developing the Accused Products.

Those documents show that the basis for Mr. Curry's motion was false. Specifically, the supplemental evidence attached to this motion consists of internal UA documents detailing Mr. Curry's role in designing and developing the Accused Curry Products. What's more, those documents directly contradict the declarations that Judge Cisneros' order granting the motion to quash relied on—they show that Mr. Curry was heavily involved in the development of the soles of the Accused Curry Products, including ████████████████████████████████████████████
████

---

[1] Athalonz's objection is largely based on the erroneous conclusion that only the soles of the Accused Products are relevant in determining the scope of discovery. While Athalonz maintains that objection, the documents UA produced after Judge Cisneros' order make clear that Mr. Curry was in fact involved in developing the soles, which is an independent basis for denying Mr. Curry's motion even under the legal framework in the original order.

1      To be clear, Athalonz continues to disagree that it needs to show Mr. Curry was directly

2  involved in developing the ***soles*** specifically to meet the standard to take third-party discovery, since

3  its patent claims cover the entire ***shoe***. *See* Dkt. 24. However, the UA documents attached as

4  supplemental evidence here show that Mr. Curry ***was*** deeply involved in developing what Judge

5  Cisneros and Mr. Curry have deemed the "accused features" of the Curry products, the soles. For

6  example, relevant portions of those documents show the following[2]:

7  - Ex. D (UA0011737): "█████████████████████████████████

8  ████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████

14  ████████████████████████████████████████████████████

15  ████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████

25  ████████████████████████████████"

26

27

[2] Emphasis has been added in bold and italics; any other bolding or italics is present in the original documents.

28

-2-

1   • Ex. F (UA0011868): "███████████████████████████

2   ███████████████████████████████████████

3   ███████████████████████████████████████

4   ███████████████████████████████████████

5   ███████████████████████████████████████

6   ███████████████████████████████████████

7   ███████████████████████████████████████

8   ███████████████████████████████████████

9   ███████████████████████████████████"

10  • Ex. H (UA0012072): "███████████████████████████

11  ███████████████████████████████████████

12  ███████████████████████████████████████

13  ███████████████████████████████████████

14  ███████████████████████████████████████

15  ███████████████████████████████████████

16  ███████████████████████████████████████

17  ███████████████████████████████████████

18  ███████████████████████████████████████

19  ███████████████████████████████████████

20  ███████████████████████████████████████

21  ███████████████████████████████████████

22  ███████████████████████████████████████

23  ████████████████"

24  • Ex. D (UA0011737): "███████████████████████████

25  ███████████████████████████████████████

26  ███████████████████████████████████████

27  ███████████████████████████████████████

28  ███████████████████████████████████████

1

2

3

4

5

6

7

8

9

10 ”

11 • Ex. D (UA0011737): “

12

13

14

15

16 ”

17 • Ex. H (UA0012072): “

18

19

20 ”

21 • Ex. H (UA0012072): “

22

23

24 ”

25 • Ex. I (UA0012076): Notes on

26

27

28

PLAINTIFF'S SUPPLEMENTAL BRIEF ISO MOTION FOR DE NOVO REVIEW
Case No. 3:23-mc-80324-LJC

1   ███████████████████████████████████████████████████████

2   █████████████████████████████████

3   • UA produced a number of photographs showing █████████████████████

4   ████████████████████████████████████ Athalonz's

5   infringement contentions. *See* Ex. G (UA0011995); Ex. J (UA0012138); Ex. E

6   (UA0011825); *compare with* Dkt. 1-1, Ex. 1 ¶¶ 54-56, 58-60, 66-69 (Athalonz's complaint

7   showing Curry shoes cut apart).

8         All of this evidence makes clear that Mr. Curry was, in fact, heavily involved in the design

9   and development of the soles of the Accused Curry Products. UA's internal, confidential documents

10   show that Curry ████████████████████████████████████████ in the

11   Accused Products, including plainly stating that ███████████████████████████

12   ████████████████████████████████████████████████████████

13   ████████████████████████ Ex. D (UA0011737). UA's documents further

14   show that Curry ████████████████████████████████ the Accused Products.

15   Indeed, those documents show that ████████████████████

16   ████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████

18   ████████████████████████ Ex. H (UA0012072). Indeed, UA's documents even use

19   terminology ████████████████████████ to Athalonz's patents: ████████████████

20   ████████████████████████████████████████████████████

21   ████████████████████████████████████████████████████

22   ████████████████████████████████████████████ Ex.

23   H (UA0012072) (emphasis added); *see* U.S. Patent No. 11,510,456 claim 10 ("a forefoot platform

24   juxtaposed to the heel platform, wherein the forefoot platform is constructed to have a first level of

25   compression proximal to the outer edge of the shoe and a second level of compression proximal to an

26   inner edge of the shoe."); claim 12 (wherein the forefoot platform comprises a resilient material of

27   varying density). And UA's internal documents (not its public marketing documents discounted by

28   Judge Cisneros) also show that ██████████████████████████████████████

1    █████████ like Mr. Curry's signature Curry 8, 9, 10, and 11 Accused Products in this case, the

2    athletes are ████████████████████████████████████████████████████████

3    ██████████████████ Ex. D (UA0011737).

4         Judge Cisneros' order discounted the extensive public evidence attached to Athalonz's

5    opposition brief in favor of two declarations submitted with Mr. Curry's motion claiming that Mr.

6    Curry was not involved in the design process of UA's shoes. *See* Dkt. 23 at 10-11 (citing Dkt. 1-2 ¶ 4

7    and Dkt. 1-3 ¶¶ 5-6). But the weight previously afforded those declarations is inappropriate now,

8    given the new evidence that was not before the court (because UA improperly withheld it for six

9    months of discovery). Indeed, both of those declarations are at least questionable now, if not

10   downright false, where they claim the following:

11   • "Stephen does not design or develop the shape of the soles of the SC line of shoes, nor

12      determine what materials are used in the soles." Dkt. 1-2 ¶ 4.

13   • "Curry does not design the shape of the sole, or any other component, of the accused Curry

14      products. Curry does not choose the materials used in the sole, or any other component,

15      of the accused Curry products." Dkt. 1-3 ¶¶ 5-6.

16   UA's internal documents make clear that Curry ████████████████████████████████

17   ████████████████████████████████████████████████████████████

18   █████████████████ *See* Ex. D (UA0011737). And the evidence also shows that UA ████

19   ████████████████████████████████████████████████████████████

20   ██████████████████████ Ex. H (UA0012072).

21        While the order granting Mr. Curry's motion did so without prejudice and found Athalonz

22   should first depose UA employees to test the accuracy of the declarations Curry offered, that result

23   should not hold given the new evidence. UA's internal documents make clear that Mr. Curry was

24   ████████████████████████████████████████████████████████████

25   ████████████████████████████████████████████████████████████

26   ████████████████████. That is exactly the kind of information Athalonz is entitled to probe in a

27   deposition of Mr. Curry, and it is information that Athalonz cannot get from UA employees,

28   particularly where UA employees have already claimed Mr. Curry was not involved in the design

process that he clearly was involved in. Thus, even under the framework in the original order granting Mr. Curry's motion—that only the soles of the Accused Products are relevant—Athalonz has readily shown that Mr. Curry has unique, relevant insight.

For these reasons, as well as the reasons in its original Motion for De Novo Review, Athalonz respectfully requests that the Court deny Mr. Curry's motion to quash and set a date for his deposition.

Dated: April 16, 2024                    Respectfully submitted,

                                         REICHMAN JORGENSEN LEHMAN &
                                         FELDBERG, LLP

                                         By  */s/ Jennifer Estremera*

                                         Attorneys for Plaintiff
                                         ATHALONZ, LLC

PLAINTIFF'S SUPPLEMENTAL BRIEF ISO MOTION FOR DE NOVO REVIEW
Case No. 3:23-mc-80324-LJC