William A. Hector (SBN 298490)
Email: wahector@venable.com
VENABLE LLP
101 California St, Suite 3800
San Francisco, Ca 94111
415.653.3738

Frank C. Cimino, Jr. (*pro hac vice*)
Email: fccimino@venable.com
Megan S. Woodworth (*pro hac* forthcoming)
Email: mswoodworth@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
202.344.4569

Robert E. Bugg (*pro hac* forthcoming)
Email: rebugg@venable.com
VENABLE LLP
151 West 42nd Street
New York, NY 10036
212.370.6241

Attorneys for Defendant
UNDER ARMOUR, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ATHALONZ, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>UNDER ARMOUR, INC.<br><br>    Defendant. | Case No. 3:23-mc-80324-LJC<br><br>**DEFENDANT UNDER ARMOUR INC.'S CIVIL L.R. 79-5(c)(1) AND 79-5(f)(3) STATEMENT REGARDING ECF NO. 29** |

## I.  INTRODUCTION

Pursuant to Civil Local Rules 79-5(f)(3) and 79-5(c)(1), Defendant Under Armour submits this statement in response to Athalonz's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 29).  As set forth herein, the Court should enter an order allowing Under Armour's confidential business material in Athalonz's Motion for Leave to File Supplemental Brief in Support of Motion for De Novo Review to be filed under seal.  The limited material to be sealed, identified below, contains sensitive and proprietary business information that Under Armour has an interest in shielding from public disclosure to prevent competitive harm.  The information is tangentially related to the merits of the underlying litigation and cannot be protected from public disclosure through less restrictive means.

The limited material to be sealed is as follows:

| Document | Portions to Seal | Basis |
| --- | --- | --- |
| Plaintiff's Proposed Supplemental Brief | Highlighted Portions | Highlighted portions contain confidential and proprietary details of Under Armour's products, its design processes, the construction and materials of its products, Mr. Curry's role and feedback on this design, and details of Under Armour's marketing and branding strategy with respect to the Curry products.  This information is sensitive and confidential business information that, if made public, could harm Under Armour. |
| Exhibit D to Proposed Supplemental Brief | Entire document | Exhibit D contains confidential and proprietary details of Under Armour's products, its design processes, the construction and materials of its products, Mr. Curry's role and feedback on this design, and details of Under Armour's marketing and branding strategy with respect to the Curry products.  This information is sensitive and confidential business information that, if made public, could harm Under Armour. |
| Exhibit E to Proposed Supplemental Brief | Entire document | Exhibit E is a confidential photo taken of Under Armour employees, Mr. Curry and prototype products and/or presentation materials from a confidential meeting.  This |

**VENABLE LLP**
101 CALIFORNIA STREET, SUITE 3800
SAN FRANCISCO, CA 94111
415.653.3750

| Document | Portions to Seal | Basis |
|---|---|---|
| | | information is sensitive and confidential business information that, if made public, could harm Under Armour. |
| Exhibit F to Proposed Supplemental Brief | Entire document | Exhibit F contains confidential and proprietary details of Under Armour's products, its design processes, the construction and materials of its products, Mr. Curry's role and feedback on this design, and details of Under Armour's marketing and branding strategy with respect to the Curry products.  This information is sensitive and confidential business information that, if made public, could harm Under Armour. |
| Exhibit G to Proposed Supplemental Brief | Entire document | Exhibit G is a confidential photo taken of an Under Armour employee, Mr. Curry and prototype products and/or presentation materials from a confidential meeting.  This information is sensitive and confidential business information that, if made public, could harm Under Armour. |
| Exhibit H to Proposed Supplemental Brief | Entire document | Exhibit H contains confidential and proprietary details of Under Armour's products, its design processes, the construction and materials of its products, Mr. Curry's role and feedback on this design, and details of Under Armour's marketing and branding strategy with respect to the Curry products.  This information is sensitive and confidential business information that, if made public, could harm Under Armour. |
| Exhibit I to Proposed Supplemental Brief | Entire document | Exhibit I contains confidential meeting notes from design meetings between Under Armour and Mr. Curry.  The notes include confidential and proprietary details of Under Armour's products, its design processes, the construction and materials of its products, Mr. Curry's role and feedback on this design, and details of Under Armour's marketing and branding strategy with respect to the Curry products.  This information is sensitive and confidential business information that, if made public, could harm Under Armour. |

| Document | Portions to Seal | Basis |
|---|---|---|
| Exhibit J to Proposed Supplemental Brief | Entire document | Exhibit J is a confidential photo taken of an Under Armour employee, Mr. Curry and a prototype product from a confidential meeting.  This information is sensitive and confidential business information that, if made public, could harm Under Armour. |

## II.   LEGAL STANDARD

Although court filings are presumptively public, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The presumption may be overcome by "compelling reasons" that justify sealing them, such as the need to prevent court filings from serving as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)); *see also Apply Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013) ("[W]hile protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest.").  Moreover, this Circuit has "carved out [an] exception" for sealed materials attached to a discovery motion unrelated to the merits of a case.  *Ctr. for Auto Safety*, 809 F.3d at 1097.  Under this exception, filings that are tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.; see also Kamakana*, 447. F.3d at 1179 ("[T]he public has less of a need for access to court records only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").  Because the portions of the Opposition to be sealed have no bearing on the resolution of the underlying dispute—a matter of alleged patent infringement—the "good cause" standard should apply.  However, should the Court disagree, and instead apply the "compelling reasons" standard, the result is the same.

///

///

### III. THERE ARE COMPELLING REASONS TO SEAL UNDER ARMOUR'S CONFIDENTIAL INFORMATION

The materials to be sealed are limited to Under Armour's "confidential business material, marketing strategies, [and] product development plans" which, if disclosed, "could result in improper use by business competitors seeking to replicate [Under Armour's] business practices and circumvent the time and resources necessary in developing their own practices and strategies." *Roley v. Google LLC*, 2020 WL 13517498, at *1 (N.D. Cal. Apr. 28, 2020) (quoting *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014)). More specifically, the materials to be sealed consists of: (1) confidential notes from design meetings between Under Armour employees and Stephen Curry, which include proprietary details of Under Armour's products and prototype products, its design processes, and branding strategies; and (2) confidential photos taken of the participants, prototype products and/or materials from these confidential meetings. Under Armour does not share its business secrets with the public or with its competitors, and if competitors were to obtain this information, they would gain improper insight into Under Armour's strategic thinking and design process. *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2018 WL 6002319, at *1 (N.D. Cal. Nov. 15, 2018) (noting that courts have sealed confidential business information when it "prevent[ed] competitors from gaining insight into the parties' business model and strategy") (citing *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017)); *Gomo v. NetApp, Inc.*, 2019 WL 1170775 (N.D. Cal. Mar. 13, 2019) (sealing "non-public meeting minutes and materials from … [those] meetings; correspondence regarding those meetings; records of a private meeting…" and the like); *Bauer Bros. LLC v. Nike, Inc.*, 2012 WL 1899838, at *2 (S.D. Cal. May 24, 2012) (concluding that "public disclosure of Nike's confidential business materials . . . could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development").

Additionally, allowing public access to the private meetings between Under Armour and Mr. Curry—whose celebrity status makes the records even more sensitive—would undermine

-4-

Case No. 3:23-mc-80324-LJC

DEFENDANT UNDER ARMOUR'S CIVIL L.R. 79-5 STATEMENT RE ECF NO. 29

both the confidential nature of Mr. Curry's endorsement deal and the free exchange necessary for the commercial success of the Curry Products.  *See Kamakana*, 447 F.3d at 1179 ("compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing … exist when such court filings might have become a vehicle for improper purposes such as … promote public scandal.").  Carefully curated athletic sponsorships are vital to Under Armour's business, the confidentiality of which provides Under Armour with a unique competitive advantage.  As such, it is necessary for Under Armour to maintain privacy in its dealings with professional athletes, whose business affairs are generally not made available for public consumption.  Mr. Curry and Under Armour expect these meeting to be a private exchange of information for business purposes between the parties and that the information exchanged would not be disclosed to a larger audience.  The documents should be filed under seal to protect the continued freedom of these exchanges for that process.  Moreover, disclosure could result in harm to other current and potential future athletic sponsorships, given professional athletes rely upon Under Armour to maintain the confidentiality of their business affairs.  Any public interest in disclosing the redacted information is outweighed by the prejudice that will result to Under Armour and Mr. Curry, a non-party that "did not voluntarily put [his private business dealings] at issue in this litigation," if no protection is granted.  *United States v. Bazaarvoice*, 2014 WL 11297188, at *1 (N.D. Cal. Jan. 21, 2014).

Finally, there is no less restrictive alternative to sealing the information described above.  There is no way to seal less while still protecting the confidential information at issue, nor is there any way to avoid competitive harm through an alternative to sealing.  Likewise, any countervailing public interest in the disclosure of the information at issue is minimal, and far outweighed by the prejudice that Under Armour would suffer if its commercially sensitive information were publicly disclosed.

### IV. CONCLUSION

For these reasons, Under Armour respectfully requests that the Court grant Athalonz's Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed and maintain under seal Under Armour's confidential information listed in the chart above.

1  Dated: April 23, 2024                VENABLE LLP

2                                        By:   */s/ William A. Hector*
3                                              William A. Hector (SBN 298490)
                                                Frank C. Cimino, Jr. (*pro hac vice*)
4                                              Megan S. Woodworth (*pro hac forthcoming*)
                                                Robert E. Bugg (*pro hac forthcoming*)
5
                                                Attorneys for Defendant
6                                              UNDER ARMOUR, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-