Jennifer Estremera (CA Bar No. 251076)
jestremera@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Connor S. Houghton (*pro hac vice*)
choughton@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7311
Facsimile: (650) 623-1449

Attorneys for Plaintiff
*Athalonz, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ATHALONZ, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNDER ARMOUR, INC.,<br><br>　　　　　Defendant. | Case No. 3:23-mc-80324-LJC<br><br>**PLAINTIFF'S OPPOSITION TO ADMINISTRATIVE MOTION TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR DE NOVO DETERMINATION** |

1    Mr. Curry's Motion to Strike should be denied for two independent reasons.

2    **First**, Athalonz's Reply was authorized under Local Rule 7-3.  Athalonz moved under Fed.
3    R. Civ. P. 72(b) and L.R. 72-3 for De Novo Determination of Dispositive Matter Referred to
4    Magistrate Judge.  Dkt. 24.  Local Rule 72-3(a) provides that "Any objection filed pursuant to Fed.
5    R. Civ. P. 72(b) . . . must be made pursuant to Civil L.R. 7-2[.]"  Local Rule 7-2 explains the required
6    timing and form of motions.  A motion filed under L.R. 7-2 triggers L.R. 7-3, which in turn provides
7    for both opposition and reply briefs.  Indeed, Mr. Curry filed his response on the timeline imposed by
8    L.R. 7-3(b).  *See* Dkt. 26 (filed 14 days after Athalonz's motion).  Mr. Curry further acknowledged
9    that L.R. 7-3 applies by filing a Statement of Recent Decision under L.R. 7-3(d)(2).  Dkt. 33.  There
10   is no dispute that Athalonz complied with the page limits and timing requirements in L.R. 7-3(c).

11   The fact that Fed. R. Civ. P. 72(b) and L.R. 72-3 do not expressly authorize replies does not
12   mean they are prohibited, particularly given the structure of Local Rule 7.  Courts in this district have
13   permitted replies to 72(b) motions, *see In re Soc. Media Adolescent Addiction/Pers. Inj. Prod. Liab.*
14   *Litig.*, 2024 WL 251404, at *4 (N.D. Cal. Jan. 23, 2024) (noting, without comment, that movant
15   replied); *Moore v. Verizon Commc'ns Inc.*, 2014 WL 588035, at *2 (N.D. Cal. Feb. 14, 2014) (same),
16   and courts outside this district have also permitted replies, *see Orient Express Container Co. v. Bulb*
17   *Basics LLC*, No. 1:21-CV-7752-GHW, 2022 WL 4485214, at *4 (S.D.N.Y. Sept. 27, 2022) ("[A]
18   district court may exercise its discretion to permit a party to file a reply brief in support of its
19   objections to a magistrate judge's recommendations.").  There is no dispute that the Local Rules do
20   not *prohibit* reply briefs, and the fact that all motions filed under Local Rule 7-3 include reply briefs
21   should end the matter.

22   If, however, the Court finds that leave is required to file a reply brief, Athalonz respectfully
23   requests that leave be granted here.  The applicable rules do not forbid a reply, and Athalonz's brief
24   advances no new arguments and solely responds to Mr. Curry's arguments, providing a more
25   complete and fulsome record on which the Court can make its determination.

26   **Second,** Mr. Curry's motion should be denied for failure to follow this Court's Local Rules
27   for administrative motions.  Mr. Curry filed his motion under L.R. 7-11, which "must be accompanied
28   . . . by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation

could not be obtained." L.R. 7-11(a). Mr. Curry provided no stipulation and no declaration—indeed, Mr. Curry made no attempt to contact Athalonz at all before filing his administrative motion. *See* Dkt. 32 (enclosing only a proposed order). Additionally, Mr. Curry waited unreasonably long to file his motion. Although L.R. 7-11 does not proscribe a filing time, the local rule governing replies requires that objections to reply evidence be filed within seven days. *See* L.R. 7-3(d)(1). Mr. Curry provides no explanation for why he waited more than a month to move for relief. *Compare* Dkt. 27 (Athalonz's reply brief filed on March 18) *with* Dkt. 32 (Mr. Curry's motion filed on April 22). Mr. Curry's own flaunting of the Local Rules and undue delay also warrant denial of his motion.

For the reasons set forth above, Athalonz respectfully requests that the Court deny Mr. Curry's Motion to Strike.

Dated: April 26, 2024

Respectfully submitted,

REICHMAN JORGENSEN LEHMAN & FELDBERG, LLP

By */s/ Jennifer Estremera*

Attorneys for Plaintiff
ATHALONZ, LLC