Jennifer Estremera (CA Bar No. 251076)
jestremera@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
Telephone: (650) 623-1401
Facsimile: (650) 623-1449

Christine E. Lehman (*pro hac vice*)
clehman@reichmanjorgensen.com
Connor S. Houghton (*pro hac vice*)
choughton@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP
1909 K Street NW, Suite 800
Washington, DC 20006
Telephone: (202) 894-7311
Facsimile: (650) 623-1449

Attorneys for Plaintiff
*Athalonz, LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ATHALONZ, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNDER ARMOUR, INC., <br><br> Defendant. | Case No. 3:23-mc-80324-LJC <br><br> **PLAINTIFF'S NOTICE REGARDING STEPHEN CURRY SUBPOENA AND REQUEST FOR EXPEDITED RELIEF IN LIGHT OF RECENT EVENTS** |

1    Plaintiff Athalonz, LLC ("Athalonz") respectfully files this notice and request for expedited relief in light of recent events regarding its Motion for De Novo Review of Magistrate Judge Cisneros' Order granting Stephen Curry's motion to quash Athalonz's subpoena.

Athalonz's Motion was filed on February 27, 2024 (Dkt. 24), and referred to this Court the same day (Dkt. 25). The Motion has been fully briefed (Dkts. 26-28). Two additional relevant events have occurred since then. First, as outlined in Athalonz' motion for leave to file a supplemental brief (Dkt. 28), Defendant Under Armour ("UA") produced new evidence in the underlying litigation showing Mr. Curry's intimate involvement in the development of the Accused Products, which directly contradicts the arguments raised by Mr. Curry in support of his motion to quash. Second, on April 23, 2024, Judge Gilstrap issued an Order in the underlying case compelling UA to produce its contract with Mr. Curry and rejecting UA's attempt to limit discovery to only the soles of the Accused Products (Dkt. 35). This was the same argument Mr. Curry made in his motion to quash and the same argument accepted by Judge Cisneros in granting that motion (Dkt. 23).

Because Athalonz's Motion was referred to this Court after filing, no hearing date was noticed in the original motion. Athalonz understands the Court has no hearing dates available until August 2024. Athalonz therefore respectfully requests expedited relief from the Court, either through an earlier hearing date or a ruling on the papers.

Mr. Curry's testimony is crucial to Athalonz's case. While fact discovery in the underlying case is ongoing and closes in early October 2024, Mr. Curry strenuously argued in his motion to quash that a deposition would be unduly burdensome if it took place during the NBA season. The next NBA season begins in October 2024 and lasts many months, until after trial is scheduled in the underlying litigation. Athalonz is accordingly concerned that Mr. Curry will use any delay to avoid sitting for a deposition. Mr. Curry is currently in the NBA offseason and presumably available. Thus, a prompt ruling on Athalonz's motion will provide time either for Athalonz to depose Mr. Curry now if its Motion is granted, or alternatively for Athalonz to serve a new subpoena on Mr. Curry and proceed with briefing another motion to quash, given Judge Cisneros' instructions on how to proceed in her Order granting Mr. Curry's motion without prejudice (Dkt. 23).

-2-

Finally, for the same reasons discussed above, to the extent the Court believes a hearing is necessary but cannot be scheduled before the end of August 2024, Athalonz requests that its motion be presented to the General Duty Judge under L.R. 7-1(c).

Dated: May 2, 2024

Respectfully submitted,

REICHMAN JORGENSEN LEHMAN & FELDBERG, LLP

By  /s/ Jennifer Estremera

Attorneys for Plaintiff
ATHALONZ, LLC