UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATHALONZ, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>UNDER ARMOUR, INC.,<br><br>        Defendant. | Case No. 23-mc-80324-LJC (AMO)<br><br>**ORDER GRANTING MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE, OVERRULING OBJECTIONS, STRIKING IMPROPER FILINGS, AND DENYING MOTION TO STRIKE AS MOOT**<br><br>Re: Dkt. Nos. 24, 28, 29, 32 |

Before the Court is Plaintiff Athalonz, LLC's motion for de novo determination of a dispositive matter referred to Magistrate Judge Lisa J. Cisneros. ECF 24. In connection with underlying patent litigation between Athalonz and Under Armour, Inc., Athalonz served a subpoena, seeking documents and deposition testimony from Golden State Warrior Steph Curry, who is not a party to Athalonz's lawsuit. ECF 1-1 at 88-89. On Curry's motion, Judge Cisneros issued an order quashing the subpoena without prejudice to Athalonz "serving a renewed (and potentially revised) subpoena if discovery from Defendant Under Armour, Inc. reveals that Curry is likely to possess relevant and non-duplicative information or documents." ECF 23 at 1. Assuming, without deciding, that Judge Cisneros's order is subject to de novo review,[1] *see United*

---

[1] Because Athalonz has moved for de novo review, 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and Civil Local Rule 72-3 govern. Accordingly, the Court has not considered Athalonz's unauthorized reply brief, ECF 27, its motion for leave to file a supplemental brief, ECF 28, or its motion to file portions of that brief under seal, ECF 29. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being

*States v. Acad. Mortg. Corp.*, 968 F.3d 996, 1006-07 & n.9 (9th Cir. 2020), Athalonz's subpoena was properly quashed.

Athalonz objects only to the relevancy determination set forth in Section III.A. of Judge Cisneros's order, and its objections to that portion are two-fold. ECF 24 at 6-7, 10, 11-13. First, it argues that the court erred by concluding that the case is not about " 'any feature of Under Armour shoes besides their soles . . . .' " ECF 24 at 6 (quoting ECF 23 at 10); *see also id.* at 11-13. Second, Athalonz argues that "[o]nce the legally erroneous finding that '[t]his case is about soles' is removed from the order, the rest of the record makes clear that Mr. Curry's motion to quash should be denied."[2] *Id.* at 7, 14-16. Neither argument is persuasive.

Athalonz broadly asserts that "[i]n patent cases, 'the name of the game is the claim[.] ' " ECF 24 at 11. Relying on this proposition, Athalonz argues that its "patent claims plainly each cover 'shoes' and are not limited to 'soles of shoes.' " *Id.* at 12. Athalonz grounds this interpretation of its patent claims on the following language:

> A shoe comprises:
> an upper section;
> a midsole coupled to the upper section;
> an insole positioned proximal to the midsole and within the

---

served with a copy"); Civil L.R. 72-3(c) ("Except when the Court grants a motion under Civil L.R. 72-3(b), the Court's review and determination of a motion filed pursuant to Civil L.R. 72-3(a) shall be upon the record of the proceedings before the Magistrate Judge."). Accordingly, these materials are **STRICKEN**, and Under Armour's administrative motion to strike Athalonz's reply brief is **DENIED AS MOOT**. The two Northern District of California cases Athalonz cites in support of its unauthorized reply are not in its favor. In *In re Soc. Media Adolescent Addiction/Pers. Inj. Prod. Liab. Litig.*, the court permitted the filing of a reply brief. *See* 22-md-03047-YGR (PHK), Order for Briefing, ECF No. 305 (N.D. Cal. June 7, 2023). In *Moore v. Verizon Commc'ns Inc.*, the court noted that a reply was filed but there was no discussion about whether it was authorized. *See* No. C 09-1823 SBA, 2014 WL 588035, at *2 (N.D. Cal. Feb. 14, 2014). Here, the Court rejects Athalonz's attempts to improperly supplement the record with materials that Judge Cisneros had no occasion to consider. Should Athalonz serve a renewed subpoena, as Judge Cisneros authorized, Athalonz may seek leave to present those supplemental materials to Judge Cisneros in connection with any joint discovery letter brief that may follow.

[2] Athalonz maintains this position notwithstanding the fact that it does not challenge Section III.B. of Judge Cisneros's order, *see* ECF 24 at 11, and its statement it "that instead intends to follow the order's directions to wait for document discovery from Under Armour before renewing its document subpoena to Mr. Curry if necessary." *See id.*

> upper section; and
> a bottom outsole coupled to the midsole, wherein a combination of the midsole, the insole, and the bottom outsole form an athletic positioning shape, wherein the athletic positioning shape has:
> a first height at an inside edge and at an outside edge of the shoe along a heel section of the shoe,
> a second height on the outside edge of the shoe at a toe section of the shoe,
> a third height on the inside edge of the shoe at the toe section of the shoe, and
> the first height being greater than the second height and the second height being greater than the third height, wherein a first slope is formed by the first height and the second height, wherein a second sloped is formed by the first height and the third height, and
> wherein a third slope is formed by the second height and the third height.

Even if Athalonz's reading of its claim language were correct, a de novo review of the record does not support Athalonz's assertion that Curry "has unique, relevant information about [its] products as a whole." *See* ECF 24 at 15. A declaration from Curry's agent provides that "Under Armour proposes, designs, develops, and oversees manufacturing of all [Curry] products before they are placed in-market[,] and that Curry "does not design or develop the shape of the soles of the [Curry] line of shoes, nor determine what materials are used in the soles." ECF 1-2 ¶¶ 3-4. A declaration from an Under Armour employee, who serves as Vice President for the Curry brand, similarly provides that "Under Armour designs, develops, promotes, and sells the Under Armour products that are part of the Curry brand," and "Curry does not design the shape of the sole, or any other component, of the accused Curry products." ECF 1-3 ¶¶ 4-5. The declaration further provides that "Curry does not choose the materials used in the sole, or any other component, of the accused Curry products;" rather, it is "Under Armour's employees [who] possess knowledge of the extent of Curry's involvement in the design, development, testing, marketing, advertising, promotion, and sale of the accused Curry products, if any." *Id.* ¶¶ 6-7.

Athalonz counters with various statements made in marketing materials and SEC filings. *See* ECF 11 at 8-9; ECF 24 at 13-14.[3] For example, in a 2023 press release, Under Armour

---

[3] Among these materials is a purported 2022 article in which Curry said that "he worked with Under Armour designers to adapt the shoe" when he injured his ankles. *See* ECF 11 at 8. That article, however, is not attached as an exhibit. *See* ECF 11-1 at 137 (including only an exhibit slipsheet without attaching the article). For this reason, the Court has not considered the

3

1  indicated that Curry's "new role as President of the Curry Brand will enhance his ability to drive
2  athlete insights, product development, and strategic business and marketing endeavors." ECF 11-
3  1 at 133.  In another article, Curry is quoted as saying, "[w]hen designing this shoe, we wanted
4  athletes to have the ultimate experience on and off the court – both when it comes to comfort and
5  to traction – and the Curry 11 does just that." ECF 11-1 at 175.  Other articles quote Under
6  Armour employees describing Curry as "heavily" or "fully" involved in the shoe design process.
7  *See* ECF 11-1 at 150, 158.  Portions of Under Armour's SEC filings tout its relationship with
8  Curry as a "strong[] partnership," which includes an award of 8.8 million shares of company stock
9  likely worth tens of millions of dollars.  *See* ECF 11-1 at 187, 268.

10  The sworn declarations in the record are more credible than Athalonz's reliance on public statements by Curry and Under Armour.  Accordingly, on de novo review, the Court finds that Athalonz has failed to establish that Curry possesses relevant discovery that it cannot obtain from Under Armour.[4]  If, however, discovery from Under Armour rebuts the statements in the declarations now before the Court or confirms the representations made in the various public documents Athalonz points to, it may, as Judge Cisneros authorized, serve a revised subpoena and brief any resulting disputes.

Moreover, even if Athalonz could show that Curry possessed relevant discovery, a de novo review of the record confirms that the subpoena was properly quashed, it being premature at the time of service.  Under Federal Rule of Civil Procedure 45, a court "must quash or modify a

---

document.

[4] Athalonz also asserts that "discovery relating to the entire Accused Products from Mr. Curry is still necessary to properly apportion Athalonz's damages" and that Curry "has unique information relevant to secondary considerations of non-obviousness," which would be relevant to validity. ECF 24 at 13, 14.  The Court rejects these undeveloped theories of relevance.  *See Hitkansut LLC v. United States*, 119 Fed. Cl. 40, 46 (2014) (denying motion to compel discovery from a third party where the plaintiff had not "offered a specific damages theory to which the requested documents would be relevant" or articulated how the discovery sought "would help it rebut a claim of patent invalidity due to obviousness.").  To the extent Athalonz contends that the presiding judge accepted similar arguments when ruling on motions in the underlying case, *see* ECF 24 at 14, Athalonz does not indicate that the record before the presiding judge resembles the record now before this Court on the pending discovery dispute.

subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). " 'In general, there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests.' " *Gamefam, Inc. v. WowWee Grp. Ltd.*, No. 23-MC-80310-SI, 2024 WL 1181001, at *5 (N.D. Cal. Mar. 18, 2024) (quoting *Soto v. Castlerock Framing & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (collecting cases)). "When the requesting party has not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking documents from a non-party, a subpoena duces tecum places an undue burden on a non-party." *Davis v. Pinterest, Inc.*, No. 19-CV-07650-HSG-TSH, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (internal quotations and citations omitted; modifications in original). "Further, when an opposing party and a non-party both possess documents, the documents should be sought from the party to the case." *Id.* (internal quotations and citations omitted).

Under these standards, quashing Athalonz's subpoena is appropriate.[5] Athalonz does not dispute that, as of the time of Curry's motion to quash, it had yet to seek a single deposition of any of the employees that Under Armour disclosed months before Athalonz served the subpoena. As to document discovery, Athalonz's own papers indicate that its motion to compel discovery from Under Armour remained pending at the time it served Curry with a subpoena. ECF 11 at 9. In her order, Judge Cisneros noted that Athalonz had conceded as much: "Athalonz confirmed at the February 13, 2024 hearing that it has not yet pursued depositions of Under Armour employees because it is waiting for the Eastern District of Texas to rule on disputes regarding production of documents that may be relevant to those depositions." ECF 23 at 2.

Athalonz's preferred sequence of discovery is improper. Athalonz must pursue party discovery before burdening non-parties with requests more properly directed at its adversary. *See Davis*, 2021 WL 3044958, at *4 (denying motion to compel compliance with subpoena where the relevant documents could have been obtained from the defendant and noting that if the defendant "had been unable to find them, or had not retained them, or for some other reason was unable or

---

[5] In light of this ruling, the Court need not reach the parties' remaining arguments about burden, overbreadth, and the reasonableness of Athalonz's chosen compliance dates.

unwilling to produce them, then a subpoena would have been appropriate.").

Accordingly, Athalonz's motion for de novo review is **GRANTED**, its objections are **OVERRULED**, and this matter remains closed, subject to reopening when and if a joint discovery letter is filed on any revised subpoena Athalonz elects to serve.

**IT IS SO ORDERED.**

Dated: July 23, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**